UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00600-MOC

| | | |
|---|---|---|
| **ERIC WITHENER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Reconsider. In moving to reconsider, petitioner contends that the instant Motion to Vacate, Set Aside, or Correct Sentence is not a second or successive petition despite having filed at least two prior petitions with this court (3:97cv262; 3:13cv181), a petition in the Eastern District of Kentucky (see ¶ 11(a) of Motion), and a petition in the Eastern District of North Carolina (see ¶ 11(b) of Motion), all attacking his November 26, 1990, conviction. Giving petitioner the benefit of the doubt and that the petition is not barred as a second or successive petition under AEDPA, the court will grant the motion to reconsider, strike the previous order and Judgment, and conduct an initial screening of petitioner's contentions.

I.

The court has conducted an initial screening of the petition under Rule 4(b) of the Rules Governing § 2255 Proceedings, and finds that the petition has been signed under penalty of perjury.

II.

Next the court has reviewed the substance of the petition to determine what contentions petitioner is attempting to assert. The petitioner has asserted the following contentions:

I. The jury instructions given by the court in 1990 were invalid in light of the Supreme Court's [1995] Bailey decision;

II. The jury instructions given by the court in 1990 were not valid in light of Rosemond v. United Sates, 134 S.Ct. 1240 (2014); and

III. Petitioner's multiple 924(c) convictions and sentences for aiding and abetting violate the Double Jeopardy Clause under Rosemond.

III.

As to petitioner's first contention under Bailey v. United States, 516 U.S. 137 (1995), such claim is patently time barred. The AEDPA established a one-year grace period, ending on April 24, 1997, in which a defendant could file a § 2255 motion based on claims existing on the date of its enactment, which was April 24, 1996. Thus, petitioner had up to April 24, 1997, to submit his claim under Bailey.

Petitioner filed a habeas petition on May 2, 1997, which he later voluntarily dismissed. Whitener v. United States, 3:97cv262 (W.D.N.C.). Even assuming that petitioner raised his Bailey claim in that petition and that such was submitted to prison authorities for mailing before April 24, 1997, such filing does nothing to preserve such claim for refiling some 17 years after the deadline set by Congress in the AEDPA has passed. Thus, petitioner fails to state a claim upon which this court could grant relief as such claim is time barred.

IV.

As to contentions two and three, which the court considers to be "Rosemond claims," petitioner contends that such claims are timely under Section 2255(f)(3) as they only arose after Rosemond was decided in 2014. Section 2255(f)(3) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> ***
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court **and made retroactively applicable to cases on collateral review.**

28 U.S.C. § 2255(f)(3) (emphasis added). Petitioner's second and third contentions are time barred because Rosemond is not retroactively applicable to cases on collateral review.

In Rosemond v. United States, ___ U.S. ___, 134 S.Ct. 1240 (2014), the Supreme Court held that to prove a defendant aided and abetted the use of a firearm during a crime of violence or a drug trafficking crime under 18 U.S.C. § 924(c), defendant must have had advance knowledge that a gun would be used in the underlying drug trafficking offense or crime of violence. Id. at 1241. In this case, petitioner contends that in 1990 the government failed to prove he had any advance knowledge that guns would be used and that his aiding and abetting convictions now violate Rosemond.

While Rosemond makes clear that advance knowledge is *now* an essential element of aiding and abetting use of a firearm in a drug trafficking offense or a crime of violence, there is absolutely no indication in that decision or cases which have subsequently considered that decision that Rosemond has any retroactive impact on cases on collateral review. Courts that

have addressed the issue have determined that Rosemond has only prospective application. See United States v. Davis, 750 F.3d 1186, 1192–93 (10th Cir. 2014) (finding that"[a]fter Rosemond, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); Gentile v. Fox, 2014 WL 3896065, *8 (C.D.Cal. July 11, 2014) (finding that "there is no indication in the decision that the rule declared therein [Rosemond] regarding what it takes to aid and abet a § 924(c) offense would apply retroactively on collateral review."). This court agrees that Rosemond has no retroactive application to cases on collateral review. Thus, because Rosemond is not retroactive, petitioner's second and third contentions are time barred.

IV.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Reconsider (#8) is **GRANTED**, and upon reconsideration the previous Order (#6) and Judgment (#7) are **WITHDRAWN**.

**IT IS FURTHER ORDERED** that upon Initial Screening, the contentions raised in the petition are untimely and the petition is **DISMISSED WITH PREJUDICE**.

Signed: December 2, 2014

Max O. Cogburn Jr.
United States District Judge