UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00600-MOC

| | | |
|---|---|---|
| **ERIC WHITENER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Second Motion for Reconsideration (#9). The court granted petitioner's First Motion for Reconsideration (#8) and conducted an initial screening as to the substance of the petition. In that Order (#9), the court determined that petitioner's Bailey claim was patently time barred by nearly two decades and that his Rosemond claims were also time barred as Rosemond is not retroactively applicable. Petitioner now contends that the court should have given him notice of its intent to dismiss those claims and that it is possible that the respondent could have waived the time bar.

While this court will typically provide notice and an opportunity to respond in Section 2255 cases where petitioner has not explained his assertion of timeliness, United States v. Sosa, 364 F.3d 507 (4th Cir. 2004), such notice is only required where the petitioner has not had an adequate opportunity to explain to the court why he believes his petition is timely. In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Court of Appeals for the Fourth Circuit conditioned such notice requirement on the absence of a "sufficient explanation" of timeliness in the prisoner's petition. In this case, petitioner's 32-page petition and brief provides ample

-1-

explanation as to why he believes his petition was timely. For example, within the Petition itself, petitioner explains that "the Rosemond issue was only recently decided" and that "the Rosemond and Jury Instruction Claim … were not decided at the time of appeal, and since then petitioner has not been able to get a court to assume jurisdiction…." Petitioner then goes on to explain, in response to the standard timeliness question posed on the Section 2255 form, as follows:

> [i]t's Petitioner's contention that the instant motion to vacate is timely based on his actual innocence on count twelve and thirteen. See attached memorandum of law. Additionally, Petitioner's motion to vacate is timely under 28 U.S.C. § 2255(f)(3) as it related to his claims pursuant to Rosemond v. United States, 134 S.Ct. 1240 (2014). See attached memorandum of law.

Petition (#1) at 12. In his Memorandum of Law, petitioner provides the court with a detailed, legal analysis spanning nearly four pages as to why he believes his claims under Bailey and Rosemond are timely. See Memorandum of law (#1) at 9-12. Given the fact that at the time he filed his Motion to Vacate, petitioner clearly knew of the AEDPA's limitation period and has explained his reasoning as to why he believes his Motion to Vacate should be considered timely, this court concludes that it need not provide any additional opportunities to address such issue. Cureton v. United States, 2007 WL 1651437, at n. 1 (W.D.N.C. June 2, 2007).[1]

As to the possibility that the government would not assert the timeliness defense, the court finds that course of action to be implausible where, as here, petitioner's Bailey claim has

---

[1] Indeed, petitioner's explanation in his Memorandum that his "actual innocence" should serve to lift the bar is unsupported by any new, reliable evidence that would show *factual* innocence. Instead, petitioner's claim of actual innocence is based on a claim of *legal* innocence under Bailey, to wit, that his possession of firearms does not meet the legal definition of "use" provided in Bailey. Actual innocence means *factual* innocence and not just legal insufficiency. Calderon v. Thompson, 523 U.S. 538, 559 (1998) (holding that "the miscarriage of justice exception is concerned with actual as compared to legal innocence."). Petitioner's argument for lifting the time bar is circular as his claim is one of legal innocence under Bailey.

been time-barred under the AEDPA for almost two decades, there is no claim of *factual* innocence, and petitioner has attempted to retroactively assert claims under Rosemond which have no retroactive application.

As Chief Judge Whitney warned petitioner years ago after petitioner took a voluntary dismissal of one of a number of post-judgment Section 2255 actions filed in this court,

> the Court opined within that Order that any § 2255 motion contemplated by Petitioner would be untimely even if it was not successive.
> ***
> In this case, Petitioner's conviction became final in 1991. His initial § 2255 motion was not brought until May 2, 1997, more than one year after the enactment of the AEDPA. Thus, the AEDPA would have barred even Petitioner's initial § 2255 motion, regardless of his Rule 41(a)(1) motion and the now voided order of this Court. In his Motion, Petitioner declares that the actions of the Court in this matter have "deprived the Petitioner of his one full opportunity for habeas corpus review." In fact, Petitioner's initial § 2255 motion, irrespective of his subsequent Rule 41(a)(1) motion, this Court's now voided order, or any current actions of the Court, was barred by action of the United States Congress in the form of the AEDPA. The Court does not have the power to defy Congress or to turn back the clock to make Petitioner's § 2255 motion timely.

Whitener v. United States, 3:97cv262 (W.D.N.C. December 17, 2007) (Order #13 at 1-3), appeal dismissed, United States v. Whitener, No. 08-6300 (4th Cir. July 2, 2008). Consistent with Judge Whitney's Order, the court will direct that Judgment be entered dismissing this action with prejudice as time barred.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Second Motion for Reconsideration (#10) is **DENIED,** and the Clerk of Court is directed to strike the previous Judgment (#7) and enter **JUDGMENT** dismissing this action **WITH PREJUDICE** as time barred in accordance

with this court's December 2, 2014, Order (#9) and for the reasons further discussed in this Order.

Signed: December 23, 2014

Max O. Cogburn Jr.
United States District Judge