UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00600-MOC

| | | |
|---|---|---|
| **ERIC WHITENER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's third Motion for Reconsideration Under Rule 59(e) (#18). The court has previously denied petitioner's counseled Motion to Extend Time to File Motion for Reconsideration (#15) (see Order (#16)); however, this pro se Motion to reconsider was in fact timely filed based on consideration of when petitioner delivered it to prison authorities for mailing.

The court has read and carefully considered petitioner's third Motion for Reconsideration. While agreeing with petitioner that the court included additional rational in its disposition of his second Motion for Reconsideration, making this his first request to reconsider that ultimate decision, the substantive reasons given for reconsidering the decision do not provide the court with any basis for revising that decision as the AEDPA patently bars petitioner's Bailey claim and his Rosemond claim is barred as that decision is not, as a matter of law, retroactively applicable. Put another way, while this court has liberally read petitioner's contentions and assumes *arguendo* that petitioner had a viable Bailey claim at one time, the court can discern no procedural mechanism for affording him relief under Section 2255(a) as that door

long ago closed. This court is not alone in reaching such conclusion on long-delayed Bailey claims. See United States v. Thody, 460 Fed.Appx. 776, 778-779, 2012 WL 375528, *2 (10th Cir. Feb. 7, 2012) (holding that "[petitioner] cannot demonstrate diligence in pursuing his claim when he waited 15 years after the Supreme Court's decision in Bailey to file his petition.").

Petitioner's Motion to Reconsider will, therefore, be granted and the court having reconsidered its final decision, the relief sought by petitioner by way of reconsideration will be denied.

## Denial of Certificate of Appealability

The court notes that in its final decision (Order (#12)), the court incorporated the December 2, 2014, Order (#9), which in turn denied petitioner a Certificate of Appealability. Petitioner is advised that while this court has denied him a Certificate of Appealability, he can request a Certificate of Appealability from the Court of Appeals for the Fourth Circuit under Rule 22, Federal Rules of Appellate Procedure. Petitioner is advised that such is not an appeal of this court's denial of a certificate, but, in accordance with Rule 11, of the Rules Governing Section 2255 Proceedings, a *de novo* request directed to the Court of Appeals.

## Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised that despite the denial of a Certificate of Appealability, he has the right to appeal this decision to the Court of Appeals of the Fourth Circuit by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in

Rule 4(a), Federal Rules of Appellate Procedure, which is **60 days** from entry of this Order denying his Motion to Reconsider, all in accordance with Rule 11(b) of the Rules Governing Section 2255 Proceedings and Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure. Failure to file a Notice of Appeal within the time allowed requires the filing of a motion for extension of time and the filing of a Notice of Appeal within the 30-day period after such original time for appeal. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

As the court has declined issuance of a Certificate of Appealability, petitioner is further advised that if he elects to file a Notice of Appeal, petitioner should request therewith that a circuit judge issue a Certificate of Appealability as provided in the last sentence of Rule 22(b)(1).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's third Motion for Reconsideration Under Rule 59(e) (#18) is **GRANTED**, and upon reconsideration, the court's final decision and Judgment (#13) is reaffirmed for the reasons stated in its December 2, 2014, Order (#9) and in its December 23, 2014, supplemental Order (#12).

The Clerk of Court is instructed to send a copy of this Order to petitioner at his place of incarceration and to his counsel, **Mr. Charles Brewer**, who has noted and made a limited appearance.

Signed: January 28, 2015

Max O. Cogburn Jr.
United States District Judge