UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00600-MOC

| | | |
|---|---|---|
| **ERIC WHITENER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion /Objection to the Government's Untimely Filing of Exhibit (#49), Motion for Default Under Rule 55 and Motion to Dismiss Under Rule 41(b) (#50), and Motion to Amend Under Rule 15 (#51).

In all three (or four) motions, petitioner seeks extraordinary relief in a habeas corpus action based on what he perceives to be a failure of the respondent to timely file a conforming exhibit. While agreeing with petitioner that the government's compliance with court imposed deadlines has been less than exemplary, the court does not agree that the conforming exhibit was filed out of time as it was filed within the time provided by this court's last Order extending time. As to whether the government has shown excusable neglect, this court finds that the government has shown that its neglect of this case was excusable inasmuch as counsel for the government has primary responsibility for more substantive cases and appeals than any attorney could handle. Even if petitioner is right and excusable neglect has not been shown, petitioner has not made a showing that such delay has resulted in any prejudice to him. In particular, he has not shown that such delay has resulted in him serving time that he would not otherwise be required to serve. Indeed, this court has at every turn allowed petitioner sufficient time to respond to the sometimes

1

imperfect government filings and has done as much in regards to the government's conforming exhibit, allowing petitioner 30 days to respond. Order (#48). This court is not going to grant habeas corpus relief based on a missed response deadline by respondent; rather, it is going to fully consider the claims petitioner has made, the government's response and exhibit, and any reply and exhibits or citations to the exhibit petitioner wishes the court to consider. To do otherwise would be to invite reversal on appeal.

Instead, the court will address the problem petitioner has raised as it is a recurring problem in Section 2255 cases as well as other post-judgment relief. It is readily apparent to this court that the staffing and resources allocated to this area of practice by the United States Attorney are not sufficient, as can clearly be seen in the stream of requests for extension this court and its colleagues receive from the USAO's appellate section, most of which cite overwhelming caseloads and deadlines. Indeed, this court has taken the unilateral step of allowing the government 60 days rather than the traditional 40 to respond to screened petitions in recognition of such staffing shortage. That effort has, however, been to little avail as this court and its colleagues routinely receive requests to extend even a 60 day response period. While recognizing that this court has no business meddling in decisions of an independent Executive Branch, this court must, when court governance requires, advise the United States Attorney (who may not be aware of day-to-day movement of the docket) that adequate resources have not been allocated to meet post-judgment demands, a decision which impacts the efficient operation of this court by creating an unnecessary (yet thriving) out-of-time continuance practice, which in turn has created an equally robust prison industry of filing *pro se* motions seeking sanctions. The court notes that the AUSA of record in this case is presently counsel of record in 25 active Section 2255 cases, any number of appeals, and volumes of Amendment 782 petitions.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's

(1) Motion to Amend Under Rule 15 (#51) is ALLOWED, and the court has considered the Objection as amended;

(2) Motion /Objection to the Government's Untimely Filing of Exhibit (#49) is DENIED; and

(3) Motion for Default Under Rule 55 and Motion to Dismiss Under Rule 41(b) (#50) are DENIED.

The Clerk of Court is instructed to send a hard copy of this Order to Jill Rose, United States Attorney for the Western District of North Carolina.

Signed: December 17, 2015

Max O. Cogburn Jr
United States District Judge